**Vera Ellen Waters BLOCK, Appellant,**

v.

**Billy Charles WATERS, Appellee.**

**No. 8071.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 9, 1978.

Charles S. Sexton, Orange, for appellant.

Louis Dugas, Jr., Orange, for appellee.

.KEITH, Justice.

Plaintiff below appeals from a take nothing judgment entered in her suit to reduce to judgment the unpaid child support payments defendant had been ordered theretofore to pay for the support of his children.

We will speak of the parties as they originally appeared in the trial court in the divorce proceeding.

On November 21, 1966, at a time when both parties were residents of Orange County, the trial court entered judgment dissolving the bonds of matrimony, awarded the plaintiff/mother custody of the two minor children born to the marriage and ordered defendant/father to pay thirty dollars per week for the support of such children, the first payment being due and payable on November 18, 1966, and a like installment being due and payable on Friday of each week thereafter. All payments were ordered to be made "at the Child Support Office, Orange County Courthouse, Orange County, Texas."

The mother's petition was filed under the provisions of *Tex.Family Code Ann. § 14.-09(c) (1975)*,[1] alleging the entry of the original judgment and defendant's failure to make the payments in accordance with said judgment. Upon the hearing at which defendant appeared in person and by counsel, plaintiff proved the entry of the original judgment and by the records of the Child Support Office that defendant had made one fifteen dollar payment (on December 5, 1966) and that at the time of the hearing (July 29, 1977), he owed $16,755.00 "through today."

Over plaintiff's objections, defendant offered oral and written evidence showing (a) that pursuant to an order entered in a criminal proceeding in Grant Parish, Louisiana, he had made certain payments which were, in turn, sent by the clerk's office of that court to plaintiff; (b) that his children mentioned in the Texas judgment were receiving some benefits from the Social Security Administration because of defendant's total disability; and (c) he had no funds, was totally disabled, unable to work, and could not make the payments as ordered in the Texas divorce decree. Our

1. *§ 14.09*: "(c) On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts."

record does not reveal the precise amount which has been paid to the children by the Louisiana criminal court order or the amount the children are receiving from Social Security.

At the conclusion of the hearing, the trial court denied all relief sought by plaintiff and this appeal follows. We have findings of fact and conclusions of law and also have a complete statement of facts containing all of the oral and written testimony introduced upon the trial. For the reasons now to be stated, we reverse the judgment of the trial court and remand the cause with instructions to grant the relief sought by plaintiff after ascertaining the precise amount due.

■ Our recitation has been based upon the record presented to us in the transcript and statement of facts. The findings of fact[2] are completely lacking in evidentiary support in the record. As was said in *Stephenson v. Perlitz*, 537 S.W.2d 287, 289 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.):

> "Findings of fact are not conclusive on appeal when, as in this case, a statement of facts appears in the record. *Swanson v. Swanson*, 148 Tex. 600, 228 S.W.2d 156, 158 (1950); *Rosetta v. Rosetta*, 525 S.W.2d 255, 260 (Tex.Civ.App.—Tyler, 1975, no writ). And, findings of fact are binding on the appellate court only if supported by evidence of probative force."

Since the findings of fact filed by the trial court are without support in the evidence, we will pass upon plaintiff's points of error without regard thereto. See *Whitworth Estate v. Mangels of Texas, Inc.*, 363 S.W.2d 851, 860 (Tex.Civ.App.—Waco 1962, no writ). See also *4 McDonald, Texas Civil Practice § 16.10, at 29 (1971 Rev.)*.

■ Defendant, by making payment to the clerk of the Louisiana District Court, avoided confinement in the penitentiary for "Criminal Neglect of Family," as stated in that court's judgment; he did not, in making the Louisiana payments, comply with the terms of the Texas divorce decree.[3] Under our record, only the State of Louisiana and defendant were parties to the proceeding in Grant Parish. Moreover, plaintiff's residence and domicile as well as the domicile of the minor children was in Orange County, Texas. We hold, consequently, that the Louisiana order had no effect upon defendant's obligations under the Texas decree.

■ Defendant urges that he is without any means of payment of the sums due under the Texas decree. This was not a contempt proceeding wherein such a defense, if conclusively established, might be available. Cf. *Ex parte DeWees*, 146 Tex. 564, 210 S.W.2d 145, 147 (1948); *Ex parte Gonzales*, 414 S.W.2d 656 (Tex.1967); *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967). Plaintiff's suit seeking a money judgment against defendant posed no threat to his liberty and it was immaterial whether he could or could not satisfy such a judgment once rendered. Testimony as to the wealth or poverty of a party is ordinarily inadmissible upon the trial of a civil case. Not only is such testimony immaterial, its receipt may very well prove to be prejudicial. See *17 Tex.Jur.2d, Damages § 258, at 319–320 (1960)*, and authorities therein cited.

■ Plaintiff properly invoked the jurisdiction of the trial court to enforce a judgment of that court pursuant to a statute conferring upon her the specific right to the relief she sought. *Harrison v. Cox*, 524 S.W.2d 387, 392 (Tex.Civ.App.—Fort Worth

---

2. We summarize the findings: (1) Defendant has paid child support for the benefit of his children; (2) he has paid child support pursuant to an order of the District Court in Louisiana; (3) he has complied with the orders of the Louisiana Court; (4) that he has paid child support within his ability to pay; (5) that he is disabled and drawing Social Security disability payments as are his children; (6) he is not in arrears with his child support; and (7) that he is financially unable to pay child support.

3. Although, as noted later, we order that all payments made under the Louisiana order be applied upon the sums due under the Texas order to prevent double recovery.

1975, writ ref'd n. r. e.). She established her right to prevail and defendant tendered no viable defense. We would render judgment for plaintiff but for the incompleteness of our record: We are unable to determine precisely the sums which plaintiff and her children have received under the Louisiana court order and from the Social Security Administration paid on behalf of defendant.

We remand the cause to the trial court with instructions to enter judgment for the plaintiff for the aggregate amount of the payments which have matured and accrued under the original divorce decree with legal interest upon each such payment from the date when the same came due until the date of judgment.

The trial court will compute the aggregate amount of the payments which defendant made under the Louisiana order and such sum, with legal interest, shall be deducted from the sum found pursuant to the first instruction. The trial court shall also find and determine the aggregate amount of the payments received by said children from the Social Security Administration and such amount, including interest thereon, shall likewise be deducted from the gross amount due under the original decree. The resulting judgment which we order to be entered will bear interest from the date of entry at the rate of nine per cent per annum. All costs in all courts are adjudged against the defendant.

Reversed and Remanded with instructions.