**Alicia YBARRA, Appellant,**

v.

**Douglas A. NEWTON, Jr., Appellee.**

**No. 13–86–109–CV.**

Court of Appeals of Texas,
Corpus Christi.

June 12, 1986.

Rehearing Denied Aug. 29, 1986.

Humberto G. Garcia, Garcia & Gutierrez, San Antonio, for appellant.

Douglas A. Newton, Jr., Dallas, for appellee.

Before KENNEDY, UTTER and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

This is a case of trespass to try title brought under the ten-year statute of limitations.[1] Following a very brief hearing, the court found for defendant and that plaintiff take nothing. Appellant, by her sole ground of error, complains that the trial court erred in finding appellant had not adversely possessed the disputed property.

Included in the record are findings of fact and conclusions of law, as follows:

FINDINGS OF FACT

1. Defendant Douglas Newton, Jr. is the owner of legal title to Lot 9 and 10 block 96 of the Blum Addition to the City of Del Rio Val Verde County, Texas.

2. Plaintiff Alicia Ybarra claims title to a portion of such lots aforesaid by adverse possession.

3. Plaintiff Alicia Ybarra failed to establish on the ground the location of the lands claimed by her situated in the aforementioned lots.

CONCLUSIONS OF LAW

1. Plaintiff failed to make proof of her ownership of any land situated within the aforementioned lots.

2. Plaintiff take nothing as against the Defendant herein.

The record is very brief, consisting of two written exhibits, being an exchange of letters between the parties, and a total of 12 pages of recorded oral testimony. We reverse and render. To avoid confusion, the parties will be referred to by their original designations.

A close examination of the evidence indicates that the salient facts are virtually undisputed. In 1964 plaintiff and her former husband purchased two lots in the city of Del Rio from a Mr. and Mrs. George Kincher. They apparently thought they were purchasing lots 9 and 10 of Block 96 of the Blum Addition to that city. They actually purchased lots 7 and 8 of said subdivision. There was a small house located on lot 9 and part of lot 10 that plaintiff and her family moved into and continued to occupy for at least twenty-one years, and until the time of trial. Plaintiff testified that since 1964 she has maintained and kept up the property, that she planted trees and grass and that she has "been trying to do a little repairing." She testified further that she had always parked her cars inside the lot. Defendant is a successor in title to the Kinchers since 1967.

Defendant's Exhibit No. 2 is a copy of a letter dated October 5, 1981, from him to plaintiff in which he states, "Your house is on my lots and you have the lots 7 and 8." We construe this statement in defendant's

---

1. TEX.CIV.PRAC. & REM. CODE ANN. § 16.026 (Vernon 1986).

own exhibit to be an admission that the subject house was on the disputed land in 1981, some 17 years after the undisputed evidence shows that Plaintiff moved into the house. The only other contact the evidence shows defendant to have had with plaintiff was in 1965 while defendant was negotiating for, but before he bought, lots 9 and 10. Defendant's testimony in this regard is as follows:

While negotiating with Mr. Ridgeway I went out to the lots known as Lots 9 and 10 ... at that time I contacted a woman who was living in that house who identified herself as Mrs. Ybarra. It is my recollection that she told me that her husband was dead and that she and her husband had purchased the property from the Kinchers. That is, they had purchased Lots 7 and 8, Block 96 of the Blum Addition from the Kinchers. I told her at that time that there was a problem with the boundaries to the property.

Defendant testified further about his conversation with plaintiff, Mrs. Ybarra, about titles, but made no move to dispossess her. He then testified:

Thereafter, Mrs. Ybarra wrote me a letter and I responded to that letter as I recall.[2] Subsequently, on or about September 25, 26, 27 of 1981, Mrs. Ybarra again wrote to me and I will identify Defendant's Exhibit 1 as the letter that Mrs. Ybarra had sent to me and now offer it.

Defendant's Exhibit 1 is a letter in which she stated that an employee of the Del Rio City Tax Office is the only person who claims that she is living on lots that belong to defendant. She speaks of the "importance of clearing up this matter," but at no place in the letter does she concede that defendant owns the disputed property. Defendant's Exhibit 2 is a reply letter in which defendant makes an offer to exchange their respective titles, if plaintiff pays him an additional $500.00. As noted earlier, this exchange of correspondence took place after plaintiff had lived on the property for some seventeen years.

 TEX.CIV.PRAC. & REM. CODE ANN. § 16.026 (Vernon 1986), in pertinent part hereto, states:

(a) A person must bring suit not later than 10 years after the day the cause of action accrues to recover real property held in peacable and adverse possession by another who cultivates, uses, or enjoys the property.

See Wright v. Wallace, 700 S.W.2d 269, 270 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); Ramirez v. Wood, 577 S.W.2d 278, 287 (Tex.Civ.App.—Corpus Christi 1978, no writ). In a trial before the court without a jury, the judge is the trier of the facts. In the absence of a record, the trial judge's findings are binding on the parties and are accepted as justified by the evidence. Mial v. Mial, 543 S.W.2d 736, 737 (Tex.Civ.App. —El Paso 1976, no writ). However, even in such a case the correctness of the legal conclusions from the facts will be reviewed. Mial, 543 S.W.2d at 737. When, as in the case at bar, a statement of facts appears in the record, findings of fact are not conclusive on appeal. Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156, 158 (1950); Block v. Waters, 564 S.W.2d 113, 115 (Tex.Civ. App.—Beaumont 1978, no writ); Stephenson v. Perlitz, 537 S.W.2d 287, 289 (Tex. Civ.App.—Beaumont 1976, writ ref'd n.r. e.). Findings of fact are binding in the appellate court only if supported by evidence of probative force. Block, 564 S.W.2d at 115; Stephenson, 537 S.W.2d at 289.

 It is obvious from the evidence that plaintiff has held peaceable and adverse possession of the house on lots 9 and 10 for at least 17 years (1964 to receipt of the letter in 1981), and that she has used and enjoyed the property during that time. Cf. Calfee v. Duke, 544 S.W.2d 640 (Tex.1976) (adverse possessor's belief that he was the rightful owner, coupled with actual possession and use of the land, satisfied statutory

---

**2.** Defendant did not recite any details about any of these letters and they are not contained in the record.

requirements of adverse claim). We hold that any action defendant might have had to bring suit against plaintiff for title and possession of lots 9 and 10, Block 96 of the Blum Addition of the City of Del Rio is barred by the 10-year statute of limitations. We sustain appellant's point of error.

We further hold that appellant (plaintiff below) is entitled to judgment for title to said lots and for writ of possession thereto. The judgment of the trial court is reversed and rendered in accordance herewith with costs adjudged against appellee.