**Pierangelo PANOZZO, Appellant,**

v.

**Weili Zheng PANOZZO, Appellee.**

No. 13–95–064–CV.

Court of Appeals of Texas,
Corpus Christi.

June 29, 1995.

John L. Barnes, Houston, for appellant.

Luis Hernandez, Brownsville, for appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Pierangelo Panozzo appeals by writ of error from a default judgment which divorced the parties, divided property, awarded custody of two children, and ordered child support. By four points of error he challenges the property division, the award of attorney's fees, the amount of child support ordered, and the visitation provisions of the judgment. We affirm in part and reverse in part.

### I. Factual and Procedural History

The procedural history of this case is complicated; some discussion of the facts is therefore necessary. Weili Zheng Panozzo and Pierangelo Panozzo were married in August 1985. Weili is a citizen of China. Pierangelo is a citizen of Italy. They had two children, Piercarlo and Pierangela, both born in Italy. During the marriage, the family moved to Brownsville, Texas where the divorce was obtained.

The parties separated in September 1993. That month Weili filed an application for a Temporary Restraining Order, which was granted. In the order, Pierangelo (hereafter referred to as Husband) was ordered to produce financial information. Several days later, Husband filed a counter petition seeking managing conservatorship of the children and temporary orders. The counter-petition recites that no divorce action had been filed at that time. In that petition, Husband claimed to live in Brownsville.

On October 4, 1993, the trial court signed agreed temporary orders which awarded managing conservatorship to Wife, possessory conservatorship to Husband, ordered standard visitation, support of $4000 per month, and additionally required Husband to make house payments, pay for utilities, school tuition, auto insurance, and health insurance. The temporary orders also required Husband to return Wife's Chinese passport, the housekeeper's passport, and the children's Italian passports by 5:00 p.m. on the day of the hearing.

In December 1993, the trial court issued an order in response to Wife's Motion for Contempt and Modification of the Court's Prior Orders. The Wife's motion is not part of the record. The order found six violations of the October order which constituted contempt: 1) violation of the visitation provisions; 2) failure to maintain health insurance on Wife and the children; 3) failure to pay support; 4) failure to pay school tuition; 5) failure to return Pierangela's passport; and 6) failure to return Wife's jewelry as ordered. The Court ordered six months imprisonment and a $500 fine for each of the six counts of contempt. The contempt hearing was conducted without Husband's presence although his counsel was present. In January 1994, Wife filed a petition for divorce.

According to the docket sheet, other motions were filed and heard. These included Wife's motion for contempt and motion to compel which was set for hearing in April 1994.[1] Husband's counsel filed a second motion to withdraw which was set at the same time. Both motions were reset to May 1994 and Husband's counsel was then permitted to withdraw. Husband did not appear and a writ of attachment was issued with a bond set at $50,000.

Trial on the divorce and other matters was scheduled for August 19, 1994. Husband filed no pleadings related to the divorce; his sole pleading was the counterpetition seeking temporary managing conservatorship of the children. Husband did not appear at trial. Wife appeared with counsel and trial was held to the bench. No findings of fact or conclusions of law were requested.

In Wife's petition for divorce, she alleged that the marriage had become insupportable, and that Husband was guilty of cruelty.

At the divorce hearing, Wife answered "yes" to a series of questions propounded by her counsel. There was no elaboration of her answers and no exhibits were introduced. The court rendered judgment and awarded all the relief requested.

The divorce decree awarded Wife managing conservatorship and Husband possessory

---

1. In that motion Wife was seeking an order compelling Husband to respond to discovery seeking financial information. The discovery documents are not a part of the record before us.

conservatorship. He was ordered to pay $5000 per child per month in child support, and to pay $40,000 in child support arrearages. Husband was granted modified visitation for parents who live more than 100 miles apart. Wife was awarded the family residence in Brownsville along with all of the appliances, furnishings and other personalty connected with the house, the 1992 Pontiac van, her clothing, jewelry, personal effects, monies in three bank accounts, the contents of a safety deposit box in Brownsville, policies of insurance on her life, and any and all machinery located at Euro–Mex Corp. in Brownsville.

Husband filed his application for writ of error through new counsel on December 19, 1994. Thereafter, he filed an Emergency Motion to Abate the Order of Contempt and Writ of Attachment. The result was an oral order denying Husband any visitation.

## II. Points of Error

Appellant challenges the final decree by four points of error. He contends that the trial court abused its discretion in entering a visitation order that does not comply with the Family Code and further abused its discretion in modifying that order to refuse all visitation. He challenges the legal and factual sufficiency of the evidence to support the trial court's order of support, award of attorney's fees, and property division. Additionally, he claims that the award of child support, attorney's fees, and division of property were abuses of discretion.

### A. Standard and Scope of Review

#### 1. Appeal by Writ of Error

■ Appellant brings this appeal by writ of error. To be entitled to do so, he must demonstrate that he falls within the restrictive criteria for entitlement to this form of appeal. The requirements are: 1) filing petition for writ of error within six months of judgment; 2) by a party to the suit; 3) who did not participate at trial; and 4) error must be apparent on the face of the record. *Brown v. McLennan County Children's Protective Servs.*, 627 S.W.2d 390, 392 (Tex. 1982); *Jaramillo v. Liberty Mut. Fire Ins.*

*Co.*, 694 S.W.2d 585, 587 (Tex.App.–Corpus Christi 1985, writ ref'd n.r.e.). We have reviewed the record and find that the first three elements are satisfied. We will consider further the requirement that error be apparent on the face of the record.

The "face of the record" requirement limits the scope of our review. We may however consider all the papers on file in the case, including both the transcript and the statement of facts. *DSC Finance Corp. v. Moffitt*, 815 S.W.2d 551 (Tex.1991) (per curiam).

#### 2. Sufficiency of the Evidence

■ Several of appellant's points include challenges to the legal and factual sufficiency of the evidence to support the trial court's judgment. In conducting a legal sufficiency review, we consider only the evidence and inferences favorable to the judgment. *Havner v. E–Z Mart Stores, Inc.*, 825 S.W.2d 456, 458 (Tex.1992); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). When considering the factual sufficiency of the evidence to support the judgment, we consider and weigh all the evidence and reverse only when the evidence is too weak to support the judgment. *Plas–Tex. v. United States Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

### B. Visitation

At the time of trial there was no testimony or pleading that established appellant's residence. The court's file, however, was replete with correspondence from appellant indicating that he was traveling extensively. There was correspondence from London, and from Bologna, Italy. One letter from Italy, dated March 19, 1994, indicated that appellant planned to take the children and go to China for six months. The court was entitled to consider that appellant no longer lived in Brownsville and that he lived more than 100 miles from Wife. The standard possession order for possessory conservators who live more than 100 miles from their children generally provides for visitation either every other weekend or one weekend per month at the possessory conservator's option with proper notice to the managing conservator. In addition, the possessory conservator is entitled to

42 days during summer vacation and other specified holiday periods. Tex.Fam.Code Ann. § 14.033 (Vernon Supp.1995).[2] The standard order is rebuttably presumed to be in the best interest of the child. § 14.033(k). No evidence was introduced suggesting that the standard order was unworkable or that it would endanger the children's health or well-being.

The trial court ordered visitation as follows:

1. *Christmas Holidays in Even Numbered Years.* In even numbered years beginning at 6:00 p.m. on the last day of school before the Christmas school vacation begins and ending at noon on December 26.

2. *Christmas Holidays on Odd Numbered Years,* In odd numbered years beginning at noon on December 26th and ending at 6:00 p.m. on the day before school resumes.

3. *Extended Summer Possession by Possessory Conservator. . . .*

No provision was made for weekend visitation or for other holidays. The only periods of visitation ordered were for Christmas and the summer.

 We review the trial court's order of visitation under an abuse of discretion standard. *Thompson v. Thompson,* 827 S.W.2d 563, 566 (Tex.App.—Corpus Christi 1992, writ denied). A trial court abuses its discretion when it acts without reference to guiding rules and principles. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990) (per curiam); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). In this case, the guiding rule is the presumption that the standard order is rebuttably presumed to be in the child's best interest and when no evidence to the contrary exists, it is an abuse of discretion to deviate from that standard order.

 Additionally, at the conclusion of the hearing on Husband's Motion to Abate the Writ and Order of Contempt, the court orally denied any visitation to Husband. No

written order appears in the record. During the hearing, which was not evidentiary, Wife's counsel expressed concern that Husband would remove the children from the United States. Presumably, that argument prompted the court's order. Possession of children by the possessory conservator may be denied only in extreme cases of parental unfitness. *Thompson,* 827 S.W.2d at 569. If the court believed that Husband would remove the children from the court's jurisdiction and not return them, the court could have constructed an order to manage that potential problem. It is error in the absence of any evidence of danger to the children to refuse to permit access by the possessory conservator. We find such error on the face of the record in this case and hold that the court's order denying visitation entirely was an abuse of discretion. Point one is sustained.

### C. Child Support

The judgment of divorce awarded $5000 per child to be paid monthly for child support. Appellant contends that this was an abuse of discretion or, alternatively, that the evidence is legally and factually insufficient to support the award.

The Family Code provides child support guidelines to be used by judges in awarding support. The Code provides that "[a]n order of child support shall be based on the net resources of the obligor and obligee, which shall be considered by the court, together with the other factors listed in the guidelines for the support of a child." § 14.053. The child support guidelines constitute a rebuttable presumption that an order which complies with the schedule, when the obligor's monthly net resources are $6000 or less, is reasonable and in the best interest of the child. § 14.055(a). When the obligor's net resources exceed $6000 monthly, the court shall apply the percentage guidelines to the first $6000 of the obligor's net resources. § 14.055(b). The percentage guideline for two children is 25% of the obligor's net resources. § 14.055(a). Variation from guide-

---

**2.** All code references hereafter are to the Family Code unless otherwise noted. The numbering used is that in effect at time of trial.

lines may be appropriate, but when the obligee seeks child support in excess of guidelines, the burden is on the obligee to demonstrate that the children require more support than provided by the guidelines. § 14.055(c); *Rodriguez v. Rodriguez,* 860 S.W.2d 414, 417 (Tex.1993).

At trial there was no evidence offered of Husband's income or net resources as defined by the Code. There were references in the court's record to substantial monies on deposit in Brownsville, but the record is silent as to the obligor-husband's other financial resources.

■ The parties agreed to $4000 monthly in the temporary orders but there is no evidence in the record from which we may determine how that amount was calculated. Apparently, Husband is financially well off and has considerable resources available to him, but that belief is no substitute for evidence. Also apparent from the record is that Wife attempted to obtain financial data from Husband and that Husband failed to respond to discovery efforts even in the face of a Motion to Compel and a sanctions hearing. The Code provides that when there is an absence of sufficient evidence to determine the wages and salary income of the obligor, it shall be presumed that the obligor has wages equal to the prevailing federal minimum wage for a forty hour week. § 14.053(k).

■ We review the trial court's order of support for an abuse of discretion. *Worford,* 801 S.W.2d at 109. The court clearly violated the provisions of the Family Code in setting child support at $10,000 per month for two children. The court was obviously frustrated by its dealings with Husband who ignored the court's orders, but we cannot allow the court's legitimate frustration to result in orders not sustainable under the Family Code. The complete absence of evidence to support the court's decision to award support substantially in excess of the guidelines constitutes error on the face of the record and an abuse of discretion by the trial court. Point two is sustained.

**3.** Tex.Fam.Code Ann. § 11.18(a) (Vernon 1986) (costs including attorney's fees may be awarded

### D. Attorney's Fees

■ By point three, appellant challenges the award of $10,000 in attorney's fees to Wife's counsel. We review the trial court's award of attorney's fees for an abuse of discretion. *MacCallum v. MacCallum,* 801 S.W.2d 579, 587 (Tex.App.—Corpus Christi 1990, writ denied).

The court may award attorney's fees in a suit involving the parent-child relationship and may also award attorney's fees in divorce proceedings. § 11.18(a);[3] *Massey v. Massey,* 807 S.W.2d 391, 403 (Tex.App.—Houston [1st Dist.] 1991), *writ denied,* 867 S.W.2d 766 (Tex.1993); *Hirczy v. Hirczy,* 838 S.W.2d 783, 786 (Tex.App.—Corpus Christi 1992, writ denied). In her petition for divorce, Wife asked that attorney's fees be considered in awarding her a disproportionate share of the community property. There was no actual prayer for attorney's fees.

■ The judgment of the trial court must conform to the pleadings and the proof. Tex. R.Civ.P. 301. The evidence at trial consisted of Wife's testimony that she considered her counsel's bill of $10,000 reasonable and that she was satisfied with his services. Counsel did not testify nor did he introduce an itemized bill for services to prove the number of hours worked or his hourly rate.

Although it is apparent from the transcript that counsel spent considerable time on this case, we find that the pleadings and the evidence are legally insufficient to support the trial court's award of attorney's fees. Point three is sustained.

### E. Property Division

■ In his fourth point of error, appellant challenges the trial court's division of property. We review a trial court's division of property for an abuse of discretion. *Bell v. Bell,* 513 S.W.2d 20, 22 (Tex.1974). Although community property is jointly owned, in a divorce the property is divided by the court in a just and right manner having due regard for the rights of each party and any

in suits affecting the parent-child relationship).

children of the marriage. § 3.63;[4] *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex.1981).

Wife was awarded the residence, its furnishings and appliances, a vehicle, three bank accounts, and 80 pieces of machinery. Appellant contends that the trial court abused its discretion in awarding wife all the community property without providing a basis for its decision.

■ The Family Code and the Texas Constitution provide that with a few exceptions, all property acquired during a marriage is presumed to be community property. TEX. CONST. art. XVI, § 15; § 5.02. Property possessed by either party during or on dissolution of the marriage is presumed to be community property unless that presumption is rebutted by clear and convincing evidence. *Id.; Jones v. Jones*, 890 S.W.2d 471, 475 (Tex.App.—Corpus Christi 1995, writ requested).

■ The evidence before the court was sketchy but enough to trigger the community presumption. According to the Social Service Report ordered by the court, the parties moved to Brownsville, at least temporarily, in the Summer of 1993. Reference is made to the residence of the parties in the temporary orders and appellant agreed to make the house payments. The 1992 Pontiac van was obviously acquired during the pendency of the marriage.[5] The household appliances and furnishings were in Wife's possession at the time of the temporary orders and divorce as were her clothing and personal effects. The bank accounts awarded to Wife were in her name or her husband's name at the time of divorce, the pension and profit sharing plans were in her name and the life insurance policies insuring Wife existed at the time of divorce. Absent any controverting evidence, all these assets were properly presumed to be community assets and subject to division by the court at the time of divorce.

■ The same does not apply to the 80 pieces of commercial equipment located at Euro–Mex. There is no evidence as to the ownership of the equipment, it was not in the possession of either of the parties at the time of dissolution, and the relationship of the parties to Euro–Mex is not clear from the record. The lack of such evidence to support the award constitutes error on the face of the record and the court abused its discretion in awarding the equipment to Wife.

■ Appellant contests the division of assets claiming that the disproportionate award to Wife was improper and an abuse of discretion. A court may award property as it believes to be just and right. Among the factors to be considered are: disparity of incomes between the parties, the respective capabilities of the spouses, benefits which the party not at fault would have derived from the continuation of the marriage, business opportunities of each, education, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property. *Murff*, 615 S.W.2d at 698–99.

■ At the time of trial, Husband had paid none of the child support he had agreed to pay as per the temporary orders eleven months earlier. Husband was an Italian citizen and had apparently returned to Italy. At the time of divorce, Husband had failed to obey the orders of the court and the court was unable to enforce its orders of support through wage withholding. Husband had violated the TRO and succeeding orders requiring that he not contact the Wife. The Wife was 27 years old and was awarded custody of two small children. Husband was a 37 year old successful businessman who traveled extensively. She was not employed at the time the temporary orders were entered and her employment history is unknown. Husband was thought to have significant assets in Italy and elsewhere although he failed to provide financial records in discovery and there was no evidence establishing the nature and value of those assets at trial. Against this backdrop, we cannot say that the trial court abused its discretion in awarding Wife all of the property within the court's jurisdiction. Should appellant continue to refuse to obey court orders regarding support of his children, the only source of income for Wife is through liquidation of the assets in this country that are subject to her control. Based on appellant's past history,

4. TEX.FAM.CODE ANN. § 3.63 (Vernon 1993).

5. The parties were married in 1985 and divorced in 1994.

such a concern was well-founded and supports the trial court's division of property. However, having determined that the trial court erred in establishing what property is properly part of the community estate, we are required to reverse the entire property division portion of the divorce decree and remand to the trial court for a just and right division. *Jones,* 890 S.W.2d at 476 (citing *Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex. 1985)). We sustain point four.

### III. Conclusion

It is apparent that the court's orders regarding possession and support will have to be retried. It would not be in the best interest of the children to allow child support to be computed on the basis of the Federal minimum wage presumption. Moreover, to do so would reward appellant for his refusal to comply with the rules of court and the laws of our land.

The JUDGMENT is AFFIRMED as to divorce and conservatorship, REVERSED AND RENDERED as to attorney's fees, and REVERSED and REMANDED for entry of appropriate orders of possession for the possessory conservator and for new trial on the issues of support and proper division of the marital estate.