NUMBER 13-98-560-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


DONALD ACKEL
, Appellant,


v.



JEANNINE GOETZ
, Appellee.

___________________________________________________________________


On appeal from the 28th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Chavez, and Rodriguez 


Opinion by Justice Rodriguez



 Appellant, Donald Ackel, brings this appeal contesting the
modification of his child support obligation. Appellant contends the
evidence is legally insufficient to support the modification, and prays for
a reversal and remand for a determination of the appropriate child
support. We reverse and remand.

 In 1994, appellant and appellee, Jeannine Goetz a/k/a Jeannine
Ackel, were divorced in Louisiana. Following the divorce, appellant
made child support payments of approximately $500 per month. When
appellee and the children moved to Texas, appellant filed a suit affecting
parent/child relationship in the 28th District Court in Nueces County,
Texas, requesting, among other things, validation of the divorce
judgment from Louisiana and modification of the child support payment. 
In November 1995, the district court validated and adopted the Louisiana
judgment and orders. Further, in response to appellant's request for
modification of his support payment, the district court signed a
temporary order ordering appellee to apply for social security benefits for
the minor children.(1) Appellee apparently complied with the order. It
further appears from the record that appellant stopped making his direct
support payment of $500 after the children began receiving their
monthly social security benefits of approximately $700.

 In June 1997, appellee filed a motion to modify appellant's child
support payment asserting that an increase in the payment would be in
the best interest of the children and that the circumstances of the
children had materially and substantially changed since the rendition of
the order of divorce. Following a trial on the motion, appellant was
ordered to pay child support in the amount of $1200 per month, with
the payment offset by the children's monthly social security benefits of
$708. Appellant therefore was required to actually pay $492 per month
in child support.

 Appellant requested findings of fact and conclusions of law
pursuant to section 154.130 of the family code. See Tex. Fam. Code Ann.
§ 154.130 (Vernon 1996). In response, the district court made
numerous findings regarding appellant's lifestyle, ownership of assets,
possession of large sums of cash and jewelry, and travel. The court also
found, based on appellee's testimony, that the present needs of the
children were at least $2598 per month. The court's conclusions of law
included the following: (1) "[t]he evidence . . . and logical inferences
drawn from said evidence, demonstrates . . . [appellant] has the ability
to pay the . . . child support assessed against him directly, or in the
alternative, [appellant] did not demonstrate that the . . . child support
assessed directly against him, after off set . . . is beyond his ability to
pay;" and (2) "[t]he amount of child support awarded . . . is in the best
interest of the children, and is less than one hundred percent (100%) of
the proven needs of the children." In the absence of a record, the trial
court's findings are binding on the parties and are accepted as justified
by the evidence. See Ybarra v. Newton, 714 S.W.2d 353, 355 (Tex.
App.--Corpus Christi 1986, no writ) (citation omitted). However, when,
as in this case, the reporter's record appears in the appellate record,
findings of fact are not conclusive on appeal. See id. (citations omitted). 
Findings of fact are binding in the appellate court only if supported by
evidence of probative force. See id. (citations omitted).

 By his first and second issues, appellant contends the child support
order was an abuse of discretion, and that the evidence is legally
insufficient to support the award. 

 A court's child support order will not be disturbed on appeal unless
the complaining party shows that the order constituted a clear abuse of
the court's discretion. See Worford v. Stamper, 801 S.W.2d 108, 109
(Tex.1990); Panozzo v. Panozzo, 904 S.W.2d 780, 785 (Tex. App.--Corpus Christi 1995, no writ). The test for abuse of discretion is
whether the court acted arbitrarily or unreasonably, without reference
to any guiding rules and principles. See id. Errors premised on evidence
insufficiency are not segregable from an abuse of discretion point of
error. See Scott v. Younts, 926 S.W.2d 415, 420-21 (Tex. App.--Corpus
Christi 1996, writ denied) (citations omitted). Whether there is any
evidence to support the court's support order is a relevant consideration
in determining if the district court abused its discretion. See id. at 421
(citation omitted).

 Various guidelines used in regulating the court's discretion appear
in chapter 154 of the Texas Family Code. Section 154.121 of chapter
154 provides that "[t]he child support guidelines in [subchapter c] are
intended to guide the court in determining an equitable amount of child
support." Tex. Fam. Code § 154.121 (Vernon 1996). An amount of child
support that complies with the child support guidelines, when the
obligor's monthly net resources are $6000 or less, is reasonable and in
the best interest of the child. See Tex. Fam. Code § 154.122 (Vernon
1996); Panozzo, 904 S.W.2d at 784. The percentage guideline for three
children is thirty percent of the obligor's net resources. See Tex. Fam.
Code § 154.125 (Vernon 1996). The family code provides that the court
shall calculate net resources by considering all personal service income,
interest, dividends, royalty income, self-employment income, net rental
income, and "all other income actually being received." See Tex. Fam.
Code § 154.062 (Vernon 1996).

 Appellant asserts that the only evidence introduced by appellee
regarding appellant's income or earning capacity for the purpose of
calculating child support and regarding the expenses of the appellee and
the children was no more than surmise, speculation, and hypothetical
conjecture. He contends that the evidence shows that his social security
payment of $716 constitutes his sole income.

 At trial there was no evidence offered regarding appellant's actual
income or net resources as defined by the code. There were references
to appellant carrying around substantial amounts of money and paying
legal fees of more than $25,000. However, the record is silent as to
income actually received to provide appellant with these financial
resources. We agree with appellant that the only evidence in the record
establishing actual income is testimony that appellant receives $716 per
month from the federal government in the form of social security
benefits.

 However, other pertinent guidelines exist. The code also provides,
"[i]f the actual income of the obligor is significantly less than what the
obligor could earn because of intentional unemployment or
underemployment, the court may apply the support guidelines to the
earning potential of the obligor." Tex. Fam. Code § 154.066 (Vernon
1996). Further, additional relevant factors for the court to consider if the
evidence rebuts the presumption that application of the guidelines is in
the best interest of the child and justifies a variance from the guidelines,
include:

 (1) the age and needs of the child;


 (2) the ability of the parents to contribute to the support of
the child;


 (3) any financial resources available for the support of the
child;


 (4) the amount of time of possession of and access to a
child;


 (5) whether the obligor or obligee has an automobile,
housing, or other benefits furnished by his or her
employer, another person, or a business entity;


 (6) positive or negative cash flow from any real and
personal property and assets, including a business and
vestments; and


 (7) any other reason consistent with the best interest of the
child, taking into consideration the circumstances of the
parents.


See Tex. Fam. Code § 154.123 (Vernon 1996).


 Appellant argues that there was no evidence regarding his ability
to be gainfully employed or that he was attempting to evade his support
obligation by voluntarily remaining unemployed to support a variance
from the guidelines. We agree.

 While the trial court may consider many factors in determining
child support, and may determine the support payment based on
earning potential rather than actual income because of intentional
unemployment or underemployment, we conclude there was no such
evidence upon which the district court could have based the $1200 child
support payment, or even the $492 portion to be actually paid by
appellant after the offset of social security benefits.(2) There are
references in the court's record to appellant participating in legalized
gambling, and being a licensed horse trainer and breeder; however,
there is nothing in the record demonstrating appellant's earning potential
as a horse trainer and breeder, or his earning potential in regard to his
gambling pursuits. Further, we find nothing in the record to support the
proposition that appellant was intentionally unemployed or
underemployed. Finally, while appellee testified as to appellant's assets,
the testimony reflected her knowledge of the assets at the time of the
divorce, not at the time of trial wherein the court modified child support.

 In response, appellee argues that appellant's child support payment
must fit the children's growing needs. Appellant contends the expenses
of appellee and children introduced into evidence were no more than
speculation, approximations, conjecture and "what ifs." 

 A court may modify a child support order if the circumstances have
materially and substantially changed since the date of the order's
rendition. See Tex. Fam. Code Ann. § 156.401 (Vernon 1996). In
determining whether a modification in child support payments, an
increase in this case, is appropriate, the district court should examine
the circumstances of the child and parents at the time the prior decree
was rendered in relation to the circumstances existing at the time the
modification is requested. See S.A.B.S. v. H.B., 767 S.W.2d 860, 861-62 (Tex. App.--Corpus Christi 1989, no writ) (citations omitted). While
we acknowledge the children are older, we conclude there is no
evidence of the circumstances at the time the prior order was rendered
in relationship to the circumstances as they existed at the time of trial,
in order for the district court to have appropriately determined whether
a change in those circumstances had occurred.(3)

 Because there is no evidence of actual income other than social
security benefits, no evidence to make a determination that appellant's
actual income was significantly less than what he could earn because
of intentional unemployment or underemployment, and no evidence to
support a change in circumstances, we conclude the district court erred
in setting child support at $1200 per month for appellant's three
children. Issues one and two are sustained.

 In light of our ruling in connection with appellant's first and second
issues on appeal, we need not consider his remaining issue. Tex. R. App.
P. 47.1.

 Accordingly, we REVERSE and REMAND this case to the trial court
for a new trial on the issue of monthly child support.

 NELDA V. RODRIGUEZ

 Justice


Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this 22nd day of June, 2000.

 

1. At age 63, appellant was eligible for retirement under the social
security act; therefore, the minor children were also eligible for social
security benefits.
2. For a child support award of $1200 per month, appellant would
need to receive a gross income of $6000 per month and a net income
of $4000 per month. For an award of approximately $492, the amount
to be paid directly by appellant after the offset of social security
benefits, appellant would need to receive a gross income of
approximately $2050 per month and a net income of approximately
$1680 per month. See Tex. Fam. Code § 154.061 (Vernon 1996).
3. We note that the trial exhibit referenced in the reporter's record
was not before this Court for our review.