In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00169-CV


____________________



LEE DEFORREST BIGELOW, Appellant



V.



NANCY ROBERTA STEPHENS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 06-02-01387






OPINION


 This is an appeal from a final divorce decree. In four issues, Lee DeForrest Bigelow
challenges monetary awards made by the trial court in the decree. We affirm.

Reimbursement In Lee's first three issues, he asserts the trial court erred in its award of $29,934.00
based on Nancy's claim for reimbursement. Lee contends in issues one and two that the
evidence is legally and factually insufficient to support the award; issue three challenges the
trial court's award of a "money judgment."

 The Texas Family Code requires the trial court to divide a marital estate in a "just and
right" manner, considering the rights of both parties. Tex. Fam. Code. Ann. § 7.001
(Vernon 2006). The trial court may generally exercise broad discretion in dividing a marital
estate. Schlueter v. Schlueter, 975 S.W.2d 584, 589 (Tex. 1998); Ohendalski v. Ohendalski,
203 S.W.3d 910, 914 (Tex. App.-Beaumont 2006, no pet.). 

 The party complaining of the trial court's division of property must demonstrate that
the division was so unjust, based on the evidence in the record, that it constitutes an abuse
of discretion. Pletcher v. Goetz, 9 S.W.3d 442, 446 (Tex. App.-Fort Worth 1999, pet.
denied); see also Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981). We may reverse the trial
court's division of property "only if the trial court clearly abused its discretion and if the error
materially affects the court's just and right division of the property." Nelson v. Nelson, 193
S.W.3d 624, 628 (Tex. App.-Eastland 2006, no pet.). If there is any reasonable basis for
doing so, we must presume that the trial court exercised its discretion properly. Pletcher, 9
S.W.3d at 446.

 In considering whether legal or factual sufficiency challenges demonstrate an abuse
of discretion, we conduct a two-prong inquiry: (1) did the trial court have sufficient evidence
upon which to exercise its discretion, and (2) did the trial court err when applying that
discretion? See Garza v. Garza, 217 S.W.3d 538, 549 (Tex. App.-San Antonio 2006, no
pet.); Moroch v. Collins, 174 S.W.3d 849, 857 (Tex. App.-Dallas 2005, pet. denied). By
applying these factors, we consider whether the trial court made a reasonable decision based
on the evidence before it. See Garza, 217 S.W.3d at 549; Moroch, 174 S.W.3d at 857. 
Because this appeal proceeds without the benefit of findings of fact and conclusions of law,
we presume all findings necessary to support the trial court's judgment; we also apply any
legal theory that the evidence supports in order to uphold the trial court's judgment. 
Wilkerson v. Wilkerson, 992 S.W.2d 719, 722 (Tex. App.-Austin 1999, no pet.). 

 Nancy's petition asserts a claim for reimbursement. No party requested a jury, and
the trial court conducted a non-jury trial. During the trial, Nancy claimed that she spent
money to enhance Lee's separate property. Nancy explained that after she married Lee, she
received $25,834.11 for selling a house that she owned prior to the marriage. Nancy
deposited the proceeds of the sale into Lee's separate Wells Fargo account. Nancy also
testified that she received $4,100.00 from an insurance company for a damage claim on
property she owned before she married Lee. After depositing the insurance proceeds into her
account, Nancy signed a check made payable to Lee for $4,100.00, which he deposited into
his separate Wells Fargo account. Nancy testified that Lee used her separate property funds
to reduce a debt he owned on his separate property. Although present during the
proceedings, Lee did not testify at trial.

 At the conclusion of the trial, the court granted Nancy's reimbursement request, and
subsequently signed a final decree ordering Lee to pay Nancy $29,934.00. The trial court
commented that the sum "represents the proceeds from the sale of [Nancy's] home as well
as the insurance settlement on the vehicle." Within the "Property to Wife" section of the
decree, the trial court awarded a "$29,934.00 money judgment against Lee DeForrest
Bigelow and in favor of Nancy Stephens[.]"

 Our analysis of Lee's issues begins by noting that reimbursement is an equitable
remedy. See Vallone v. Vallone, 644 S.W.2d 455, 458 (Tex. 1982). Consequently, the Texas
Family Code directs courts to "resolve a claim for reimbursement by using equitable
principles[.]" Tex. Fam. Code Ann. § 3.408(c) (Vernon Supp. 2008). Section 3.408(b)
provides that reimbursement claims include those for payments of unsecured liabilities of
another's marital estate and those for the inadequate compensation of a spouse's "time, toil,
talent, and effort[.]" Id. § 3.408(b) (Vernon Supp. 2008). 

 Pursuant to section 3.408(b), Lee asserts that Nancy's reimbursement claim, if any,
would be limited to a claim "that her separate marital estate benefit[t]ed either the community
estate or [Lee's] separate marital estate by paying for unsecured debts of the applicable
marital estate." Lee claims that there was no evidence to "either establish the current value
of any marital estate at issue or any enhanced value resulting from funds expended by
[Nancy]." Essentially, Lee contends that because Nancy's separate property was used to pay
a secured note, her claim would not qualify as a claim under the statutory provisions for
reimbursement. 

 Two intermediate appellate courts have construed section 3.408(b) as the exclusive
method that trial courts may utilize in determining whether to award a reimbursement claim
when a community or separate estate pays off a spouse's secured debt. See Cardwell v.
Cardwell, 195 S.W.3d 856, 860 (Tex. App.-Dallas 2006, no pet.); Bishop v. Bishop, No. 14-02-00132-CV, 2003 Tex. App. LEXIS 4532, at *18 (Tex. App.-Houston [14th Dist.] May
29, 2003, no pet.). In Cardwell, a case in which the community estate made capital
improvements to the husband's separate property, the Dallas Court held that the wife's claim
would be better characterized as an economic contribution claim. Cardwell, 195 S.W.3d at
860; see also Tex. Fam. Code Ann. §§ 3.401-3.410 (Vernon 2006 & Vernon Supp. 2008)
(Subchapter E. Claims for Economic Contribution and Reimbursement). The Cardwell court
reasoned that a reimbursement claim was limited to the two specific circumstances set forth
in subsection 3.408(b) or circumstances not covered by subchapter E of the Texas Family
Code. Cardwell, 195 S.W.3d at 860. Because a claim for economic contribution can arise
when one marital estate makes capital improvements to the property of another estate, the
Cardwell court concluded that the wife's claim "should be governed by the law of economic
contribution rather than the law of reimbursement." Id. 

 In Bishop, Houston's Fourteenth Court affirmed a trial court's denial of a
reimbursement claim when a spouse sought reimbursement for the community estate's
payment of part of a loan on the other spouse's automobile, which was shown to be her
separate property. Bishop, 2003 Tex. App. LEXIS 4532, at *18. The Fourteenth Court
concluded that section 3.408(b) applies only to unsecured liabilities; because the car loan was
secured, the community estate's car payments were ineligible for reimbursement. Id.

 We disagree that section 3.408(b) necessarily excludes a reimbursement claim that is
premised on the payment of a secured debt. (1) In our opinion, "[t]he definition of
reimbursement in section 3.408[(b)] is simply a non-exhaustive list of two potential
reimbursement claims." Caro v. Lewis-Caro, No. 04-07-00759-CV, 2008 Tex. App. LEXIS
2500, at *3 (Tex. App.-San Antonio Apr. 9, 2008, no pet.) (mem. op.); Nelson, 193 S.W.3d
at 632. We do not believe that the Legislature, by providing two examples of reimbursement
claims in section 3.408(b), intended to limit the trial court's power to use equity to achieve
a fair division of the parties' property.

 A reimbursement claim arises when funds or assets of one estate are used to benefit
and enhance another's separate estate without receiving some benefit. Vallone, 644 S.W.2d
at 459. "The party claiming the right of reimbursement has the burden of pleading and
proving that the expenditures and improvements were made and that they are reimbursable." 
Id.; see Hailey v. Hailey, 176 S.W.3d 374, 384 (Tex. App.-Houston [1st Dist.] 2004, no pet.). 
"The party seeking an offset to a claim for reimbursement has the burden of proof with
respect to the offset." Tex. Fam. Code Ann. § 3.408(e) (Vernon Supp. 2008).

 Because reimbursement is an equitable doctrine, a court of equity must consider all 
facts and circumstances when determining what is fair, just, and equitable. Penick v. Penick,
783 S.W.2d 194, 197 (Tex. 1988). We give great latitude to trial courts when they apply
equitable principles to reimbursement claims. Id. at 198. "The discretion to be exercised in
evaluating a claim for reimbursement is equally as broad as the discretion exercised by a trial
court in making a just and proper division of the community estate." Nelson, 193 S.W.3d at
632 (citing Lucy v. Lucy, 162 S.W.3d 770, 776 (Tex. App.-El Paso 2005, no pet.); see 
Penick, 783 S.W.2d at 198.

 Nancy testified that the proceeds from the sale of her house and the insurance
settlement were her separate property. She then explained that these proceeds were directed
into Lee's Wells Fargo account, to which she had no signatory authority or access. Last, she
testified that Lee used these proceeds to pay his debt on his separate property. Nancy's
testimony was uncontested. In the absence of any findings, and based on the evidence before
it, the trial court could reasonably have concluded the reduction in Lee's debt increased his
net worth. Because reimbursement is an equitable remedy within the discretion of the trial
court, we find sufficient evidence exists to support the trial court's conclusion to award
Nancy $29,934.00 on her claim for reimbursement. See Vallone, 644 S.W.2d at 459. The
trial court's reimbursement award to Nancy does not appear unjust; therefore, Lee has not
demonstrated that the trial court abused its discretion. See Pletcher, 9 S.W.3d at 446; see
also Murff, 615 S.W.2d at 698. We overrule issues one and two.

 In issue three, Lee argues the trial court erred in awarding Nancy's reimbursement
claim in the form of a money judgment. When a party proves a claim for reimbursement, the
Texas Supreme Court has stated that a money judgment is a proper award. See Jensen v.
Jensen, 665 S.W.2d 107, 110 (Tex. 1984). Moreover, to achieve an equitable division of the
community estate, a trial court may award a money judgment to one spouse against another. 
Schlueter, 975 S.W.2d at 588; see also Weaks v. Weaks, 471 S.W.2d 454, 455-56 (Tex. Civ.
App.-Beaumont 1971, writ dism'd) ("In dividing the community estate [according to the
spouses' agreement and] so as to achieve an equitable balance, we hold that the Court may
order either party to pay a cash sum to the other even if there be no cash to be divided."). We
hold that Lee has failed to demonstrate that the trial court abused its discretion in awarding
Nancy a money judgment for her reimbursement claim. We overrule Lee's third issue.

Attorney's Fees

 In his fourth issue, Lee complains the trial court erred in awarding $6,500.00 in
attorney's fees to Nancy. Lee contends that for a trial court to award attorney's fees in a
divorce action, the fees must "come out of the community property estate and represent an
equitable division of the estate of the parties." According to Lee, "[n]o evidence of
community property was presented; no community property exists from which attorney's fees
could be awarded." We review a trial court's award of attorney's fees for an abuse of
discretion. Panozzo v. Panozzo, 904 S.W.2d 780, 785 (Tex. App.-Corpus Christi 1995, no
writ). 

 While Lee argues that there is no evidence of community property in this case, the
divorce decree specifically divides the parties' community marital estate, the majority of
which was divided pursuant to the parties' agreement. The record also reflects that the trial
court had evidence before it that the parties owned community property. With respect to
Lee's complaint that the award is excessive in light of the evidence concerning the value of
the community property he received in the divorce, we find that the value of the community
estate awarded to Lee is sufficient to support the amount of attorney's fees awarded by the
trial court. To the extent Lee argues the evidence is insufficient to support the amount of the
attorney's fees award, his fourth issue is overruled.

 Lee does not argue that no basis, statutory or otherwise, exists to support the trial
court's award of attorney's fees. Lee also did not object to the amount of the fees or to the
basis of the fees in the trial court. Nevertheless, even if we were to construe Lee's complaint
to include a claim that the trial court lacked a basis to award the fees, Lee failed to make that
objection to the trial court. Therefore, any complaint Lee may have concerning the absence
of a statutory basis for the trial court's award of attorney's fees was not preserved for review. 
See Tex. R. App. P. 33.1; Zorilla v. Wahid, 83 S.W.3d 247, 255 (Tex. App.-Corpus Christi
2002, no pet.). 

 We conclude that Lee failed to show that the trial court abused its discretion in
awarding attorney's fees of $6,500.00. Lee's fourth issue is overruled. Having overruled all
of Lee's issues, we affirm the trial court's judgment.

 AFFIRMED. 


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on April 3, 2009 

Opinion Delivered May 28, 2009 

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Although we stated in Reimert v. Reimert, that a claim for reimbursement was limited
to either the two instances specified in the statute or circumstances not otherwise covered in
"Subchapter E" of the Texas Family Code, our construction of section 3.408 was not
necessary to our holding in that case because the majority determined that the spouse seeking
economic contribution proved her claim. No. 09-07-418-CV, 2008 Tex. App. LEXIS 8549,
at *7 (Tex. App.-Beaumont Nov. 13, 2008, no pet.); see also Tex. Fam. Code Ann. §
3.408(a) (Vernon Supp. 2008) (a claim for economic contribution, if proven, prevails over
a claim for reimbursement if a conflict between the two claims arises).