Walt **GREEN**, Appellant,

v.

Bess **GREEN**, Appellee.

No. 08–92–00189–CV.

Court of Appeals of Texas, El Paso.

March 24, 1993.

John L. McCraw, Jr., McKinney, for appellant.

Elizabeth W. Segovis, Legal Services of North Texas, McKinney, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a child custody suit wherein the trial court appointed Bess Green, Appellee, sole managing conservator of the child the subject of the suit. Walt Green, Appellant, in three points complains that the trial court erred in denying him possessory conservatorship and visitation. We affirm the judgment of the trial court.

### I. SUMMARY OF THE EVIDENCE

On December 10, 1990, Walt Green filed a *pro se* petition for divorce. A hearing on temporary orders was held on December 20, 1990. Both parents appeared *pro se.* The court appointed a guardian ad litem to represent the child, appointed Bess Green temporary managing conservator and appointed Walt Green temporary possessory conservator with supervised visitation.

On March 19, 1991, the guardian ad litem filed a counterclaim on the child's behalf joining Appellant's request for divorce and requesting that on final hearing, Bess Green be appointed sole managing conservator of the child. In September 1991, Appellant hired an attorney who filed a Motion for Non-suit and Dismissal of Counterclaim, which non-suit was granted only as to Appellant's divorce action. The trial court additionally dismissed that portion of the guardian ad litem's counterclaim which joined the request for divorce. Thus, the only issues remaining for judicial determination were the guardian ad litem's counterclaim for conservatorship and the issue of support of the child.

The case was tried to the court on December 12, 1991. Appellant advised the court that he would not participate in the trial, and later left the courtroom completely. At the conclusion of the evidence, the Court appointed Appellee sole managing conservator of the child and found that it was in the best interest of the child not to appoint the Appellant as possessory conservator and not to give him access to or possession of the child. The decree in suit affecting the parent-child relationship was entered on December 18, 1991.

## II. DISCUSSION

In his first point, Appellant complains that the trial court erred in "entering a final order effectively terminating ... his parental rights without due process of law." A simple reading of the trial court's order does not support Appellant's contention that his parental rights were terminated as that term is defined in Chapter 15 of the Texas Family Code. To the contrary, the trial court's order simply denied Appellant possessory conservatorship. In addition, although Appellant contends that denial of one's rights to possessory conservatorship amounts to termination, thereby violating one's rights to due process of law, he cites no authority for that novel proposition. Point of Error No. One is overruled.

■ In Point of Error No. Two, Appellant maintains that the trial court erred in denying him possessory conservatorship and visitation because there were no pleadings by the guardian ad litem seeking the same.[1]

The record in the instant case shows that Appellant, in his original petition for divorce, specifically pleaded and sought joint managing conservatorship with possessory rights of access to the child. In addition, in the temporary orders, the court found that "good cause exists to restrict the Temporary Possessory Conservator's [Appellant's] visitation with the child." Consequently, based on these facts alone, Appellant had sufficient notice that the issues of visitation and access would be addressed concurrently with the issue pertaining to custody.

The law is clearly settled in our jurisdiction that a suit affecting the parent-child relationship necessarily entails relevant issues affecting the best interest of the child. The Texas Family Code specifically requires that the trial court appoint one parent as a sole managing conservator or both parents as joint managing conservators, unless it would be in the best interest of the child to appoint an alternate person. Moreover, once a managing conservator is appointed, "[t]he court shall appoint as a possessory conservator the parent who is not appointed as a sole or joint managing conservator **unless it finds that parental possession or access is not in the best interest of the child...."** Tex.Fam.Code Ann. § 14.03(d) (Vernon Supp.1993) (emphasis added). Thus, in the instant case, unless the evidence dictated a different result, the trial court was *required* to appoint a possessory conservator. Tex.Fam.Code Ann. § 14.03(d) (Vernon Supp.1993).

■ Texas case law has long held that a trial court has broad discretion regarding issues incident to custody. The Texas Supreme Court, in *Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex.1967), when confronted with the question of whether it was proper for a trial court to enter a judgment based on visitation when only custody was pleaded, stated:

[W]e are of the view that a suit properly invoking the jurisdiction of a court with respect to custody and control of a minor child vests that court with decretal powers in all relevant custody, control, possession and visitation matters involving the child.

As the Court stated, this is because the technical rules of pleading are of little importance in issues of child custody once the child is properly brought under the jurisdiction of the court. *Id.; accord, Graham v. Graham*, 584 S.W.2d 938 (Tex.Civ.App.—Waco 1979, no writ); *Rocha v. Villarreal*, 766 S.W.2d 895 (Tex.App.—San Antonio

---

1. The original counterclaim filed by the guardian ad litem in the suit affecting the parent-child relationship pleaded only that Appellee be appointed sole managing conservator.

1989, no writ). Again, the paramount concern is the best interest of the child, and the niceties of the procedural rules of pleading will not be used to defeat that interest. *Boriack v. Boriack,* 541 S.W.2d 237 (Tex.Civ.App.—Corpus Christi 1976, writ dismissed) (trial court did not err in ordering wife to pay child support even though pleadings did not request the same; best interest of child was of paramount concern). Therefore, we find that the trial court properly exercised its discretion, and in fact its duty, to determine issues relevant to child custody on the basis of the best interest of the child. Accordingly, Point of Error No. Two is overruled.

In Point of Error No. Three, Appellant contends there was legally and factually insufficient evidence to support the trial court's denial of possessory conservatorship and visitation.

█ Where, as in the instant case there is a statement of facts, the trial judge's findings of fact are not conclusive.[2] *Middleton v. Kawasaki Steel Corporation,* 687 S.W.2d 42, 44 (Tex.App.—Houston [14th Dist.] 1985), *writ ref'd n.r.e. per curiam,* 699 S.W.2d 199 (Tex.1985). Therefore, the judge's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards which are applied in reviewing the legal and factual sufficiency of the evidence which support jury findings. See *Valencia v. Garza,* 765 S.W.2d 893, 896 (Tex.App.—San Antonio 1989, no writ); *First National Bank v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.).

A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex.1951); *Worsham Steel Company v. Arias,* 831 S.W.2d 81 (Tex. App.—El Paso 1992, no writ); *Fuentes v.*

*McFadden,* 825 S.W.2d 772 (Tex.App.—El Paso 1992, no writ). The reviewing court cannot substitute its conclusions for those of the jury. If there is sufficient competent evidence of probative force to support the finding, it must be sustained. *Carrasco v. Goatcher,* 623 S.W.2d 769 (Tex.App.— El Paso 1981, no writ). It is not within the province of the court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792 (1951). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508 (1947); *Clark v. National Life & Accident Ins. Co.,* 145 Tex. 575, 200 S.W.2d 820 (1947).

█ In considering a "no evidence" legal insufficiency point, we consider only the evidence which tends to support the jury's findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). If there is more than a scintilla of evidence to support the questioned finding, the "no evidence" point fails. *Worsham v. Arias,* 831 S.W.2d at 83.

█ In a custody case, the trial court's judgment regarding what serves the best interest of the child concerning visitation, specifically the establishment of terms and conditions of conservatorship, is a discretionary function of the trial court and will only be reversed if the trial court abused its discretion. *MacCallum v. MacCallum,* 801 S.W.2d 579 (Tex.App.—Corpus Christi 1990, writ denied). Although a parent is usually entitled to have periodic visitation privileges with his or her child, that privilege cannot be denied except in extreme circumstances, *Thompson v. Thompson,* 827 S.W.2d 563 (Tex.App.—Corpus Christi 1992, writ denied), Texas law specifically permits such a denial when the trial court finds that "parental possession or access is

---

**2.** In the instant case, the trial court found that "possession of and access to the child G_____ Green by her father is not in the best interest of the child and that possession of and access to

the child G_____ Green by her father would endanger the physical and emotional welfare of the child...."

not in the best interest of the child and that parental possession or access would endanger the physical or emotional welfare of the child." Tex.Fam.Code Ann. § 14.03(d) (Vernon Supp.1993).

In the instant case the trial court heard evidence that it would be in the child's best interest to have no visitation with the Appellant. Psychologist Dr. John Beaty testified that he interviewed Appellant in reference to alleged sexual exhibitionism toward his daughter and that he found the Appellant to be "illogical, rather disordered and incoherent at times."[3] Dr. Beaty recommended that Appellant not be awarded custody and that there be no visitation if that were the wish of the child. He also believed Appellant could be harmful to the child. Appellee testified that the child was afraid of the Appellant, that Appellant had become mean towards his daughter and Appellee and that he had threatened Appellee. There was also evidence he spoke vulgarly to his daughter and that he would walk around in front of the child with nothing on but a T-shirt. Finally, the child testified that she would prefer to have no visitation with her father.

We have carefully reviewed the evidence that supports the trial court's finding on the issues of possessory conservatorship and visitation, and find that it contains more than a scintilla of evidence to support that finding. Moreover, a review of the entire record reveals that the trial court's finding on the issues of possessory conservatorship and visitation is not against the great weight and preponderance of the evidence. We find that the trial court did not abuse its discretion. Accordingly, Point of Error No. Three is overruled.

Having overruled each of Appellant's three points of error, the judgment of the trial court is affirmed.

---

3. Dr. Beaty's written psychological evaluation was admitted in evidence. In this most graphic report, Dr. Beaty described Appellant as "currently rather dangerous to himself or others

..." and further stated that "the risk of his acting destructively to himself or others is considerable." (Guardian Ad Litem's Exhibit 1).