TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-05-00384-CV






In re Matthew G. Whitman







ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY





M E M O R A N D U M O P I N I O N



 Relator Matthew G. Whitman filed a petition for a writ of mandamus asking this
Court to vacate the district court's temporary orders that prevented his extended summer possession
of his child C.W. and imposed other restrictions and conditions on his relationship with her. 
Because the district court's temporary orders constitute an abuse of discretion, we conditionally grant
the writ.


Factual and Procedural Background

 Matthew Whitman and Jennifer Whitman (1) entered into an agreed final decree of
divorce on November 2, 2004. The divorce decree named the parents joint managing conservators
and contained detailed provisions governing the parents' possession of their three-year-old daughter
C.W. Matthew has possession of C.W. every Thursday through Saturday. He is also entitled to
extended possession for a period of two weeks in both the summer and fall after notice. 

 Matthew gave the required notice of his intent to exercise his extended summer
possession beginning on June 4, 2005. This was to be the first time Matthew had an extended period
of time with C.W. On June 2, two days before Matthew's planned vacation with his daughter,
Jennifer filed a petition to modify the parent-child relationship seeking to prevent the vacation and
severely restrict his access to the child. In her petition, Jennifer sought to (1) restrict Matthew's
possession to Williamson and Travis Counties, (2) restrict Matthew's possession to areas where
Jennifer could contact him by telephone, and (3) suspend Matthew's overnight possession and
"restrict his periods of possession to six hours per designated day until he completes a court
approved parenting class and improves his ability to provide age appropriate care for the child." 

 In support of her petition, Jennifer raised several concerns about Matthew's parenting
skills. She recounted an incident in which C.W. got lost at a Dallas museum while Matthew was
talking on a cell phone. Jennifer stated that C.W. told her that Matthew allows C.W. to wait outside
the door when he uses public restrooms. Jennifer stated that Matthew does not adequately supervise
C.W. while she is on the toilet or in the shower. She also complained that Matthew lets C.W. use
scissors unsupervised, "and she has come home several times with holes in her clothing and has cut
her own hair on at least two occasions." Finally, Jennifer recounted that Matthew told her that he
was planning to take C.W. camping and "[i]n the seven years I have known him, he has never been
camping and has, in fact, turned down numerous offers to go, saying 'Its not my thing.'" A
temporary restraining order granting the relief requested in the petition was signed at 9:15 a.m. on
the same day it was filed. 

 On June 7, Matthew filed a motion to dissolve the temporary restraining order. An
affidavit from Matthew was attached in which he disputed Jennifer's accusations of inadequate
supervision. Matthew denied ever losing C.W. or leaving her outside the door while he went to the
restroom. He stated that he supervises C.W. when she bathes and toilets. He denied that he allowed
C.W. to use scissors without supervision and insisted that C.W. only uses "safety scissors." He also
explained that, although he had considered taking C.W. camping at one time, he has not included
camping in his itinerary for the vacation. 

 There were a number of court proceedings in the two weeks following the filing of
the petition to modify. (2) The temporary restraining order was extended. The parties again appeared
in court on June 20. Matthew stated that he was now proceeding pro se. At the court's request, the
parties spent the morning in an attempt to negotiate a settlement. They returned in the afternoon
without an agreement and Matthew requested a hearing. The proceeding was continued until 9:00
a.m. on the following day. Neither Matthew nor his counsel appeared in court on June 21. The
district court signed temporary orders noting that Matthew, "although duly and properly notified, did
not appear and wholly made default." 

 The temporary orders require Matthew and Jennifer to begin joint counseling, and
Matthew's overnight possession of C.W. is contingent on his completion of a number of joint
counseling sessions. The parties are ordered to continue joint counseling until discharged by the
counselor. Furthermore, Matthew was ordered to pay $5,391.25 in attorney's fees for Jennifer to
"conduct discovery and properly prepare for trial."

 Matthew filed a motion to dissolve the temporary orders on June 22. Although the
record indicates that a new visiting judge has been assigned to the case, Matthew contends that the
court refused to hear the motion or schedule a hearing, and that Matthew was informed that a visiting
judge would not be available until September. Matthew then filed this petition for a writ of
mandamus.


Discussion

 Matthew points to a number of procedural inadequacies in the proceedings that
resulted in the temporary orders. In turn, Jennifer cites inadequacies in Matthew's petition. These
issues aside, (3) we conclude that Jennifer's allegations of inadequate supervision do not rise to the
level that would support the temporary orders issued in this case. Thus the district court abused its
discretion in restricting Matthew's possession of C.W.

 Section 105.001 of the family code allows a court to make temporary orders granting
a broad array of relief in a suit affecting the parent-child relationship. See Tex. Fam. Code Ann.
§ 105.001(a) (West Supp. 2004-05). However, a temporary order must be made for the safety and
welfare of the child. Id. (emphasis added); see In re Vernor, 94 S.W.3d 201, 209-10 (Tex.
App.--Austin 2002, orig. proceeding). It is an abuse of discretion for a trial court to impose
temporary orders without due regard for the stability of the child's current living situation. In re
Vernor, 94 S.W.3d at 210. Although such temporary orders are not subject to interlocutory appeal,
see id. § 105.001(e), mandamus is an appropriate remedy when the temporary order represents an
abuse of the court's discretion. See Dancy v. Daggett, 815 S.W.2d 548, 549 (Tex. 1991); In re
Vernor, 94 S.W.3d at 209-10. A trial court abuses its discretion when it reaches a decision so
arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. In re Vernor, 94
S.W.3d at 209 (citing Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)). Mandamus will lie to
remedy a clear failure by the trial court to analyze and apply the law correctly. Id. at 209.

 We acknowledge that a parent's inadequate supervision of a child may represent a
threat to the child's welfare and safety, however courts do not micro-manage how parents raise their
children. The allegations in Jennifer's petition simply do not constitute a threat to C.W.'s safety and
welfare. Even assuming that Jennifer's disputed allegations are true, wanderings in a museum,
damaged clothes, and cut hair are the ordinary travails of parenting an active toddler. These
complaints generally represent a dispute in parenting style rather than neglect or endangerment. 

 In light of the trivial nature of Jennifer's allegations, we hold that the temporary
orders in this case were not made for the safety and welfare of C.W. See Tex. Fam. Code Ann.
§ 105.001(a). Accordingly, the trial court abused its discretion by entering the temporary orders and
mandamus relief is appropriate. See In re Vernor, 94 S.W.3d at 209. We conditionally grant the writ
of mandamus, assured that the trial court will withdraw its temporary orders signed on June 21,
leaving in place all the provisions governing the parent-child relationship set forth in the final decree
of divorce. In light of the fact that this proceeding has disrupted Matthew's extended possession of
C.W., the trial court shall establish a reasonable time for Matthew to give notice so that he may
properly exercise his extended summer and fall possessions of C.W. (4) 



 

 Bea Ann Smith, Justice

Before Chief Justice Law, B. A. Smith and Puryear

Filed: July 7, 2005
1. For convenience, we will refer to the parties by their first names. 
2. The original temporary restraining order and the temporary orders at issue were signed by
visiting judges. The presiding judge of the 395th District Court has since recused himself. Matthew
attributes the recusal to the presiding judge's close working relationship with one of Jennifer's
parents, also a district judge in Williamson County.
3. The supreme court has held that "technical rules of practice and procedure are of little
importance in determining issues concerning the custody of children." Leithold v. Plass, 413 S.W.2d
698, 701 (1967). "[T]he paramount concern is the best interest of the child and the niceties of
procedural rules of pleading will not be used to defeat that interest." Green v. Green, 850 S.W.2d
809, 811-12 (Tex. App.--El Paso 1993, no writ) (citing Boriack v. Boriack, 541 S.W.2d 237, 242
(Tex. App.--Corpus Christi 1976, writ dism'd w.o.j.)).
4. The trial court should also consider whether Jennifer's suit was frivolous under section
156.005 of the family code. See Tex. Fam. Code Ann. § 156.005 (West 2002) (attorney's fees taxed
against party filing frivolous suit for modification).