NO. 12-09-00092-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 IN THE INTEREST OF E.M.,                   §                      APPEAL
FROM THE 321ST

            

C.M., N.M. AND J.M.F., JR.,                       §                      JUDICIAL
DISTRICT COURT

            

CHILDREN                                                               §                      SMITH
COUNTY, TEXAS   







MEMORANDUM
OPINION

R.F.
has filed a motion for rehearing, which is overruled.  However, in light of the
Texas Supreme Court’s holding in In re B.G.,[1] we
withdraw our opinion and substitute the following opinion in its place. 

R.F.[2]
appeals the termination of her parental rights. In five issues, R.F. challenges
the order of termination.  We affirm.

 

Background

R.F.
is the mother of four children, E.M., born February 4, 1989;[3] C.M.,
born March 22, 1992; N.M., born March 22, 1992; and J.M.F., Jr., born January
6, 2005.  J.M.[4]
is the father of the three older children and J.M.F., Sr. is the father of
J.M.F., Jr.  This case began on May 19, 2005, and after numerous hearings,
orders, and petitions, an agreed order was filed on August 16, 2007.  The trial
court ordered that the Department of Family and Protective Services (the
“Department”) be appointed permanent managing conservator of C.M. and N.M. and
that the children remain in their current foster care placement.  The foster
parents were appointed joint sole managing conservators of J.M.F., Jr., and the
Department was dismissed as a party in reference to this child. R.F. and the
fathers of the three children were appointed joint possessory conservators. 
However, on October 15, 2007, the foster parents and the Department filed a
first amended joint petition to modify the parent-child relationship regarding
all three children.  Later, the Department and the foster parents filed a third
amended joint petition to modify and to terminate the parent-child relationship
between C.M., N.M., and J.M.F., Jr. and R.F., and between J.M.F., Jr. and
J.M.F., Sr.  After a jury trial, the trial court found by clear and convincing
evidence that R.F. engaged in acts or conduct that satisfied one or more of the
statutory grounds for termination and that termination was in the best interest
of the children.  On March 9, 2009, the trial court ordered that the
parent-child relationship between C.M., N.M., and J.M.F., Jr. and R.F. be
terminated.  Likewise, the trial court found by clear and convincing evidence
that J.M.F., Sr. engaged in acts or conduct that satisfied one or more of the
statutory grounds for termination and that termination was in the best interest
of the child.  The trial court ordered that the parent-child relationship
between J.M.F., Jr. and J.M.F., Sr. be terminated.[5]  On March 16, 2009, R.F.
filed a motion for appointment of appellate counsel and a notice of appeal. On
March 27, 2009, the trial court filed an order appointing R.F.’s trial counsel
to represent R.F. on appeal.

 

Service

            In
her first issue, R.F. contends that the trial court’s order of termination is
void because J.M. is an indispensable party, has not been properly served, and
therefore is not properly joined.  The foster parents and the Department
disagree, arguing that R.F. does not have standing to challenge J.M.’s service
and, even if she does, that J.M. has been properly served.  Generally, only the
person who has not been properly served has standing to challenge the lack of
due process.  Sw. Constr. Receivables, Ltd. v. Regions Bank, 162
S.W.3d 859, 864 (Tex. App.–Texarkana 2005, pet. denied).  Here, R.F. argues
that the service of citation for J.M. is “fatally flawed” because it does not
conform to the requirements of rule 99 of the Texas Rules of Civil Procedure. 
However, R.F. lacks standing to challenge J.M.’s allegedly improper service
because R.F. was not the person being served.  See Regions Bank,
162 S.W.3d at 864.

            Even
if, in the context of joinder, R.F. could have challenged J.M.’s allegedly
improper service, defects in joinder must be raised at the trial court by a
sworn plea alleging the defect. Tex. R.
Civ. P. 93(4).  Jackson v. Thompson, 610 S.W.2d 519, 522
(Tex. Civ. App.–Houston [1st Dist.] 1980, no writ).  R.F. did not raise the alleged
defect in J.M.’s joinder by a sworn plea in the trial court.  Because she
failed to do so, she has waived her right to complain of any defect in
joinder.  See Jackson, 610 S.W.2d at 522.  Moreover, a judgment is
no longer rendered invalid solely because it was entered in the absence of an
indispensable party.  See Jones v. LaFargue, 758 S.W.2d 320, 324
(Tex. App.–Houston [14th Dist.] 1988, writ denied).  Where the case has been
tried as to those parties who were present and there was no appropriate
objection made at the trial level, the court is not automatically deprived of
jurisdiction. See id. In other words, the absence of an
indispensable party does not deprive the trial court of jurisdiction and it is
not fundamental error for the trial court to proceed to judgment in such a
case. See Stone v. King, No. 13-98-022-CV, 2000 WL 35729200, at
*5 (Tex. App.–Corpus Christi 2000, pet. denied) (not designated for
publication) (citing Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex.
1982); Jones, 758 S.W.2d at 324). Because R.F. did not raise the
defect in J.M.’s joinder by a sworn plea in the trial court, any resulting lack
of joinder did not deprive the trial court of jurisdiction, the order of
termination is valid, and it was not fundamental error for the trial court to
proceed to judgment. See Stone, 2000 WL 35729200, at *5; Jones,
758 S.W.2d at 324. 

            R.F.’s
first issue is overruled.

 

Rule 324(b)

            In
her second, third, and fourth issues, R.F. argues that the evidence is
factually insufficient to terminate her parental rights to C.M., N.M., and
J.M.F., Jr.  The Department disagrees, contending that R.F. waived any error
regarding factual insufficiency because she did not file a motion for new
trial.  A point in a motion for new trial is a prerequisite to a complaint of
factual insufficiency of the evidence to support a jury finding.  Tex. R. Civ. P. 324(b)(2). Here, the
jury found that the parent-child relationship between R.F. and C.M., N.M., and
J.M.F., Jr. should be terminated. R.F. did not file a motion for new trial.  Because
she did not do so, she has failed to preserve her factual sufficiency complaint
regarding termination of her parental rights to C.M., N.M., and J.M.F., Jr.  Accordingly,
R.F.’s second, third, and fourth issues are overruled.

 

Possessory Conservator

In
her fifth issue, R.F. contends that the trial court abused its discretion by
appointing the Department as possessory conservator of C.M. and N.M.  More
specifically, R.F. argues that the Department never requested appointment as
possessory conservator of C.M. and N.M. and, thus, the trial court abused its
discretion in appointing it.  The foster parents and the Department disagree,
contending that the trial court has the discretion to appoint a possessory
conservator. 

Applicable
Law

The
best interest of the child shall always be the primary consideration of the
court in determining the issues of conservatorship and possession of and access
to a child.  Tex. Fam. Code Ann. §
153.002 (Vernon 2008).  The trial court has wide latitude in determining the
best interest of a child, and the decision of the trial court will be reversed
only when it appears from the record as a whole that the court has abused its
discretion.  Marriage of Stein, 153 S.W.3d 485, 488 (Tex.
App.–Amarillo 2004, no pet.).  “[A] suit properly invoking the jurisdiction of
a court with respect to custody and control of a minor child vests that court
with decretal powers in all relevant custody, control, possession, and
visitation matters involving the child.”  Leithold v. Plass, 413
S.W.2d 698, 701 (Tex. 1967).  Thus, technical rules of practice and pleadings
are of little importance in determining issues concerning the custody of
children.  Id.; see also Williams v. Williams, 150
S.W.3d 436, 446 (Tex. App.–Austin 2004, pet. denied); Green v. Green,
850 S.W.2d 809, 811 (Tex. App.–El Paso 1993, no writ).  Again, the paramount
concern is the best interest of the child, and the niceties of the procedural
rules of pleading will not be used to defeat that interest.  Green,
850 S.W.2d at 811.

If
a managing conservator is appointed, the court may appoint one or more
possessory conservators.  Tex. Fam. Code
Ann. § 153.006(a) (Vernon 2008).  The court shall specify the rights and
duties of a person appointed possessory conservator.  Tex. Fam. Code Ann. § 153.006(b).  A nonparent
possessory conservator has any other right or duty specified in the order.  Tex. Fam. Code Ann. § 153.376(b)
(Vernon 2008).

 

Analysis

            Here,
the agreed order filed on August 16, 2007 appointed the Department as permanent
managing conservator of C.M. and N.M.  In the third amended joint petition to
modify and to terminate the parent-child relationship, the foster parents and
the Department requested termination of the parent-child relationship between
R.F. and her children, C.M. and N.M., and appointment of the foster parents as
sole managing conservators of C.M. and N.M.  The Department did not request
appointment as possessory conservator of C.M. and N.M.  However, in its order
of termination, the trial court found that appointment of the Department as possessory
conservator of C.M. and N.M. was in the best interest of the children.  The
trial court also ordered the Department to continue providing all available
benefits to the children, including, but not limited to, preparation for Adult
Living Resources, education benefits and/or the completion of all adoptive home
studies. 

            Even
though R.F. argues that the trial court may not enter a judgment appointing the
Department as possessory conservator because the appointment was never
requested, we are mindful that the trial court has wide discretion in
determining the best interest of a child.  See Marriage of Stein,
153 S.W.3d at 488.  The paramount concern is the best interest of the child,
not the procedural rules of pleading.  See Green, 850 S.W.2d at
811. R.F. does not dispute that the trial court’s appointment was in the best
interest of the children.  Further, at the time of the order of termination,
the Department had been managing conservator of C.M. and N.M. for approximately
two years.  Thus, in light of the important interests involved in “custody and
control” of a child, the trial court did not abuse its discretion in appointing
the Department as possessory conservator of C.M. and N.M.  See Leithold,
413 S.W.2d at 701.

Moreover,
because the trial court appointed the foster parents as sole managing
conservators of C.M. and N.M., the trial court was allowed to appoint a
possessory conservator, or in this case, the Department.  See Tex. Fam. Code Ann. § 153.006(a).  The
trial court also specified the rights and duties of the Department as
possessory conservator.  See Tex.
Fam. Code Ann. § 153.006(b).  Therefore, the trial court did not abuse
its discretion in appointing the Department as possessory conservator of C.M.
and N.M. 

R.F.’s
fifth issue is overruled.

 

 

 

Disposition

The
judgment of the trial court is affirmed.

 

                                                                                                Brian Hoyle

                                                                                                     
Justice

 

 

 

Opinion delivered August 25,
2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









[1] 
53 Tex. Sup. Ct. J. 947, 2010 WL 2636050 (Tex. July 2, 2010). 





 

[2] Pursuant
to rule 9.8 of the Texas Rules of Appellate Procedure, we use an alias to refer
to the minors’ parents.  Tex. R. App. P.
9.8(b)(2).

 





[3]
The oldest child, E.M., reached the age of eighteen and was no longer
enrolled in an accredited secondary school in a program leading toward a high
school diploma before the agreed order was filed (August 16, 2007). Therefore,
E.M. was no longer subject to the jurisdiction of the district court. See
Tex. Fam. Code Ann.
§§ 154.001(a)(1), 154.002(a)(1) (Vernon 2008). Thus, the parent-child
relationship between R.F. and E.M. was not terminated.

 





[4]
J.M. is not a party to this appeal.

 





[5]
J.M.F., Sr. is not a party to this appeal.