**Petition for Writ of Mandamus Conditionally Granted; Memorandum Opinion filed May 14, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00347-CV

## IN RE KEVIN BATES, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-66904**

## MEMORANDUM  OPINION

Relator Kevin Bates filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel respondent, the Honorable Denise Pratt, presiding judge of the 311th District Court of Harris County, to rule on his pending motion for enforcement of his visitation rights with the oldest of his three minor children, which has been pending a decision since a hearing on June 28, 2012. We conditionally grant the writ.

Relator and the real party-in-interest were divorced in 2010. According to the parties' agreed decree, the parents were named joint managing conservators of their three minor children, and a modified possession order governs relator's periods of access. On March 2, 2012, relator filed a motion for enforcement of his possession or access, alleging that the real party failed and refused to surrender their then sixteen-year-old daughter to him on February 23 and February 24, 2012, for his regularly scheduled possession periods. [1] *See* Tex. Fam. Code § 157.001(a) ("A motion for enforcement as provided in this chapter may be filed to enforce a final order for conservatorship, child support, possession of or access to a child, or other provisions of a final order."). On March 6, 2012, the trial court signed an order setting a hearing on the motion for April 6, 2012, and ordering the real party to appear. The real party filed an answer to the enforcement motion on March 25, 2012. After the parties unsuccessfully attempted to mediate their dispute, a hearing on relator's motion was held on June 28, 2012. Relator filed a record of that hearing with his petition.

By agreement of the parties, the mother's motions for enforcement, which originally were to be heard at the same time as relator's motion, were not heard on June 28, 2012. The trial court reserved ruling on relator's motion until it had decided the mother's two enforcement motions. According to relator's petition, the mother's motions have been set for hearing "on multiple occasions," but to date, they have not been heard. Relator states that when the trial court reserved ruling on relator's motion for enforcement until the hearing on the mother's motions, it was with the understanding that they would be heard within a reasonable time. After more than five months passed, on January 15, 2013, relator filed a motion

---

[1] The record reflects that there is another daughter who is over eighteen and not subject to the access provisions in the decree. Accordingly, any reference in this opinion to the "oldest" child refers to this daughter, who is now seventeen.

requesting a ruling on his pending motion. Relator asserts that his motion for a ruling was set for a hearing twice, on February 12, 2013, and February 28, 2013, but it was reset both times due to respondent's absence.

The amicus attorney filed a response to relator's motion for a ruling and also requested additional orders on February 6, 2013.[2] According to the amicus attorney, the parties entered into an agreed order for counseling, which was signed by the trial court on August 30, 2012. The amicus asserts that the children's counselor has made recommendations regarding relator's visitation. Accordingly, the amicus requested that the court issue additional orders addressing relator's possession and access in light of the counselor's recommendations.

Relator filed this proceeding on April 22, 2013. We requested a response from the real party-in-interest. *See* Tex. R. App. P. 52.4 (requiring a response to be requested or filed before mandamus relief is granted). In her response, the real party does not disagree with relator's factual recitation and has not opposed the relief that relator seeks.

Mandamus relief is proper to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135–36 (Tex. 2004). The act of considering and ruling on a properly filed motion is a ministerial act. *In re Bonds*, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding); *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Mandamus will issue when there is a legal duty to perform a non-discretionary act, a demand for performance, and a refusal to act. *O'Connor v.*

---

[2] The role of the amicus attorney is to provide legal services necessary to assist the court in protecting a child's best interests rather than to provide legal services to the child. Tex. Fam. Code § 107.001(1). An amicus attorney may take any action consistent with the child's interests that the attorney considers necessary to expedite the proceedings. Tex. Fam. Code § 107.003(1)(G).

*First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *see also In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). Thus, a trial court commits a clear abuse of discretion when it refuses to rule on a properly filed motion. *See Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992).

The trial court has a reasonable time within which to perform its ministerial duty to rule on a pending motion. *In re Guetersloh*, 326 S.W.3d 737, 740-41 (Tex. App.—Amarillo 2010, orig. proceeding). Whether a reasonable period of time has elapsed is dependent on the circumstances of each case. *In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679-80 (Tex. App.—El Paso 2006, orig. proceeding) (eight-month delay on ruling on motion to compel arbitration after hearing was abuse of discretion); *see also In re Greenwell,* 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding) (holding six-month delay in ruling on partial summary judgment motion warranted mandamus relief); *City of Galveston v. Gray,* 93 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) (thirteen-month delay on ruling on plea to jurisdiction was abuse of discretion)*; In re Kleven,* 100 S.W.3d 643, 644–45 (Tex. App.—Texarkana 2003, orig. proceeding) (five and six-month delays on ruling on discovery motions was abuse of discretion); *In re Tasby*, 40 S.W.3d 190, 191 (Tex. App.—Texarkana 2001, orig. proceeding) (delay of thirteen months held to be unreasonable).

The necessity for a prompt ruling is important in cases such as this that concern parental rights and the best interest of children. We conclude that the delay in this case is unreasonable. A parent's right to visitation with his child is at issue. Relator's motion has been pending a decision for over ten months. *Cf. In re Amir-Sharif,* 357 S.W.3d 180, 181 (Tex. App.—Dallas 2012, orig. proceeding) (granting mandamus relief when pre-trial motions in suit seeking to establish parent-child relationship had not been ruled on for "several months"). According to the record

before us, it appears that relator has not had regular visits with his oldest child in over a year. It is the public policy of this state to assure that children have frequent and continuing contact with parents who have shown the ability to act in their best interest, and to encourage parents to share in the rights and duties of raising their children after the parents have separated or dissolved their marriage. *See* Tex. Fam. Code § 153.001; *Lide v. Lide*, 116 S.W.3d 147, 152 (Tex. App.—El Paso 2003, no pet.).

A parent's right to access to his child is a fundamental liberty interest more precious than property rights. *See In re M.S.*, 115 S.W.3d 534, 547-48 (Tex. 2003); *see also Troxel v. Granville*, 530 U.S. 57, 120 S.Ct. 2054, 2060–2061 (2000) (recognizing that parents have a liberty interest in the care, custody, and control of their children). A parent's entitlement to periodic visitation with his child "cannot be denied except in extreme circumstances." *Green v. Green*, 850 S.W.2d 809, 812 (Tex. App.—El Paso 1993, no writ).

In suits involving the parent-child relationship, "[j]ustice demands a speedy resolution," and mandamus may issue "to protect the rights of parents and children." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (quoting *Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex. 1987)). We hold that respondent has abused her discretion in failing to timely render a decision on relator's pending motion for enforcement of his right to possession or access to his child. We express no opinion on whether relator's motion should be granted. Although we have jurisdiction to direct the trial court to exercise its discretion under these circumstances, we may not tell the trial court what its decision should be. *See Shredder Co.,* 225 S.W.3d at 679.

Accordingly, we conditionally grant the petition for a writ of mandamus and direct the trial court to rule on relator's pending motion within fifteen days of the

date of this opinion. The writ will issue only if the trial court fails to act in accordance with this opinion.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Frost and Donovan.