

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-15-00001-CV |
| | § | |
| | § | Appeal from the |
| IN THE INTEREST OF J.H. III, | § | |
| | § | 65th District Court |
| A CHILD. | § | |
| | § | Of El Paso County, Texas |
| | § | |
| | § | (TC# 2013DCM2786) |
| | § | |

**O P I N I O N**

Jorge Holguin appeals an order granting Mayela Quinones, the child's maternal grandmother, possessory conservatorship of his son, J.H. First, Appellant claims that the trial court erred in appointing Appellee possessory conservator of J.H. because Appellee did not present evidence that denying her possession or access to J.H. would significantly impair J.H.'s physical health or emotional wellbeing, which he maintains is required, as a grandparent, under Section 153.433(a)(2) of the Texas Family Code. Second, he asserts the trial court erred in appointing Appellee possessory conservator absent evidence that J.H.'s mother was legally unavailable. Third, he argues the trial court's award of possessory conservatorship to Appellee was an abuse of discretion because the judgment did not conform to the pleadings. Finally, he alleges that the trial court erred in granting Appellee possessory conservatorship because, as a grandparent, Appellee

was required to bring a separate suit for possessory conservatorship. For the following reasons, we affirm.

## BACKGROUND

This case involves a grandparent who was appointed a possessory conservator of a grandchild over the objections of a parent. The child, J.H., lived with his parents Jorge and Maria Holguin for the first three years of his life until his parents were sent to federal prison on drug-related charges. J.H. then lived with his maternal grandmother, Mayela Quinones, from March 2011 to March 2013. In March 2013, Appellant was released from prison and took possession of J.H. Appellant's wife, Maria Holguin was released six months before Appellant, but had been deported. After picking up J.H., Appellant refused to give Appellee access to the child. Appellee then filed suit seeking to be named sole managing conservator of J.H. Following a brief trial, the trial court appointed Appellant sole manager conservator and Appellee possessory conservator. The trial court's order also restricted J.H.'s residence to El Paso County. This appeal followed.

## DISCUSSION

### *Standard of Review*

We begin by acknowledging that trial courts have wide discretion when deciding matters of custody, control, possession, support, or visitation. *In Interest of K.S.*, 492 S.W.3d 419, 426 (Tex.App.--Houston [14th Dist.] 2016, pet. denied). We review the trial court's orders under the abuse of discretion standard. *In re M.A.S.*, 233 S.W.3d 915, 921 (Tex.App.--Dallas 2007, pet. denied). As we will discuss below, however, Appellee's standing is relevant to the issues on appeal. Whether a party has standing to seek relief is a question of law, which we review *de novo*. *In re S.M.D.*, 329 S.W.3d 8, 13 (Tex.App.--San Antonio 2010, pet. denied); *In re Russell*, 321

S.W.3d 846, 856 (Tex.App.--Fort Worth 2010, orig. proceeding); *In Interest of K.S.*, 492 S.W.3d at 424.   When the trial court does not make separate findings of fact and conclusions of law regarding its determination of standing, as in this case, we imply such findings as necessary to support the conclusion that the parties had standing.   *In re S.M.D.*, 329 S.W.3d at 13; *In Interest of K.S.*, 492 S.W.3d at 424.   Further, the implied finding of standing must be supported by evidence in the record.   *In re S.M.D.*, 329 S.W.3d at 13.

### *Applicable Law*

A grandparent is authorized by Section 153.432 of the Texas Family Code to file a lawsuit requesting possession of or access to a grandchild.   TEX.FAM.CODE ANN. § 153.432 (West 2014). Section 153.432 requires the grandparent to file an affidavit alleging that denial of possession of or access to the child would significantly impair the child's physical health or emotional wellbeing. *Id.*, at § 153.432(c).   The grandparent must also show that he or she is a mother or father of a parent of the child, and that that parent of the child:

> (A) has been incarcerated in jail or prison during the three-month period preceding the filing of the petition;
> (B) has been found by a court to be incompetent;
> (C) is dead; or
> (D) does not have actual or court-ordered possession of or access to the child.

TEX.FAM.CODE ANN. § 153.433(a)(3)(West 2014).   An order by the trial court granting the grandparent possession or access over a parent's objection must state with specificity that each of these prerequisites were met.   *Id.*, at § 153.433(b).

### Analysis

Here, Appellant asserts that Appellee did not overcome the presumption that a parent acts in the best interest of the child, as required by Section 153.433(a)(2).   He also contends that

3

Appellee did not plead that J.H.'s mother was incarcerated, incompetent, or any of the other requirements of Section 153.433(a)(3). Were his analysis correct, we would be required to sustain his objections. *In re Scheller*, 325 S.W.3d 640, 643 (Tex. 2010)(orig. proceeding) (holding that without evidence that a parent is unfit or that the child's wellbeing would suffer absent access, the grandparent cannot overcome the hefty statutory burden to be granted access over a parent's objections).

But Appellant bases his argument on an incorrect assumption: that Appellee's standing is derived from Section 153.432. Appellee's original petition sought sole managing conservatorship asserting standing, not on the grandparent carveout, Section 153.432, but rather on her having actual care, control, and possession of the child for at least six months, which confers her standing pursuant to Section 102.003. TEX.FAM.CODE ANN. § 102.003(9)(West Supp. 2016); *Shook v. Gray*, 381 S.W.3d 540, 543 (Tex. 2012). Appellant grounds his point of error in Section 153.433 which creates a cause of action for a biological or adoptive grandparent seeking reasonable possession or access to their grandchild over the objection of the custodial parent. TEX.FAM.CODE ANN. § 153.433(a). Originally granting trial courts broad discretion to award visitation to grandparents, the section was amended in 2005 in response to the Supreme Court's ruling in *Troxel*, which found a Washington State statute that allowed grandparental visitation over the objections of the parents unconstitutional. *Troxel v. Granville*, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); S. Comm. on Jurisprudence, Bill Analysis, Tex. H.B. 261, 79th Leg., R.S. (2005). The Washington statute in that case, like the original Texas version, authorized visitation rights of third parties over the objection of custodial parents provided the court found that the visitation served the child's best interest. *Troxel*, 530 U.S. at 57, 120 S.Ct. at 2055. The Texas

4

legislature amended Section 153.432 to add the higher constitutional burden for grandparental access that Appellant now asserts Appellee was subject to. S. Comm. on Jurisprudence, Bill Analysis, Tex. H.B. 261, 79th Leg., R.S. (2005).

However, Appellee was not seeking visitation rights over the objection of the parents; she was seeking custody, and based her standing on the fact that J.H. had lived with her for the two years, from March 2011 to March 2013. Her testimony that she had actual care, control, and possession of J.H. during this period was never challenged by Appellant at trial, nor does he contest it in his brief. Appellant's point of error is applicable only if Appellee did not have general standing. TEX.FAM.CODE ANN. § 102.004 (West 2014)(granting special standing to relatives who do not meet the general standing requirements, provided certain burdens are met). Appellee testified to her period of possession of J.H. and filed suit within a month of Appellant taking possession of the child. Although the trial court did not make explicit findings regarding standing, based on Appellee's testimony and her original petition, there is sufficient evidence to support a finding that Appellee had general standing to file suit under Section 102.003(9). TEX.FAM.CODE ANN. § 102.003(9)(authorizing general standing to a person other than a foster parent who had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition). Further, because Appellee sought to be appointed sole managing conservator, not merely the right to visit, Appellant's argument that she failed to provide the proof required by Section 153.433 is inapplicable. Thus, Appellant's first and second issues are overruled.

In his third issue, Appellant argues that the trial court's order appointing Appellee possessory conservator was inappropriate because she did not specifically request possessory

conservatorship in her original pleadings. He asserts that because she did not request possessory conservatorship, the trial court's order did not conform to the pleadings as required by Rule 301 of the Texas Rules of Civil Procedure, and thus was an abuse of its discretion. He acknowledges Appellee requested "general relief" in addition to being named sole managing conservator, but contends that a prayer for general relief "cannot enlarge the recovery to embrace a cause of action not within the pleadings."

Appellant is correct that Rule 301 requires the judgment of the court conform to the pleadings. TEX.R.CIV.P. 301. But in cases affecting the parent-child relationship, technical rules regarding pleading requirements do not carry the weight they do in a typical civil action. *In re P.M.G.*, 405 S.W.3d 406, 417 (Tex.App.--Texarkana 2013, no pet.); *see also Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex. 1967)("Technical rules of practice and pleadings are of little importance in determining issues concerning the custody of children."). This Court faced a similar argument in *Green v. Green*, where Appellant argued that the trial court could not deny him possessory conservatorship and visitation because Appellee's pleadings only sought sole managing conservatorship and did not request he be denied possession or access. *Green v. Green*, 850 S.W.2d 809, 811 (Tex.App.--El Paso 1993, no pet.). In affirming the ruling, we held that "the paramount concern is the best interest of the child, and the niceties of the procedural rules of pleading will not be used to defeat that interest." *Id.*, at 812. We found that the trial court properly exercised its discretion despite a lack of absolute conformity with the pleadings because the technical pleading rules are of little importance once the issue of child custody is properly before court. *Id*.

Similarly, here the issue of child custody was properly before the trial court based on

6

Appellee's petition seeking sole managing conservatorship and the trial court's finding of jurisdiction. Appellant's assertion that the trial court could not grant possessory conservatorship to Appellee unless she specifically requested it in her pleadings is against the great weight of Texas caselaw, and while the cases he cites discuss the general interpretation of Rule 301, they do not involve child custody and consequently do not support his proposition. Thus, Appellant's third issue is overruled.

Finally, Appellant argues that a grandparent must bring a suit specifically requesting possessory conservatorship as a prerequisite to a trial court's authority to grant possessory conservatorship, and that because Appellee filed suit for sole managing conservatorship this prerequisite was not met. He maintains this is required by Section 153.432(a), and Appellee did not bring an original suit seeking to be appointed possessory conservator, or comply with the other conditions of that section, the trial court abused its discretion.

As discussed above, Appellee was not required to comply with Section 153.432, "Suit for Possession or Access by Grandparent," because she had general standing under Section 102.004 by virtue of her actual care, control, and possession of J.H. from March 2011 to March 2013. Further, Appellant's contention that the trial court could not grant Appellee possessory conservatorship without her bringing a separate action specifically requesting it has no support in the case law, and Appellant has pointed us to none. Accordingly, Appellant's fourth issue is overruled.

## CONCLUSION

Having overruled all of Appellant's points of error, we affirm the judgment of the trial court.

7

October 11, 2017

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., Not Participating